UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
KAREN YESSNER,
        Plaintiff,

        v.

NANCY BERRYHILL,
ACTING COMMISSIONER OF SOCIAL SECURITY,[1]
        Defendant.
-------------------------------------------------------------------x

Case No.: 13-cv-5865 (SJF)
ORDER

FEUERSTEIN, Senior District Judge:

        Plaintiff's counsel, Christopher J. Bowes, Esq. (hereafter, "Counsel"), moves for the award of $17,270.80 in contingency fees pursuant to 42 U.S.C. § 406(b). (*See* ECF No. 22; *see also* ECF No. 24 ("Support Memo") (collectively, the "Fee Application".) The Commissioner does not object. (*See* ECF No. 26 ("Response").)

        Before approving the Fee Application, the Court must independently check it to ensure its reasonableness. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002) (holding § 406(b) "calls for court review of [contingent-fee] arrangements as an independent check[] to assure that they yield reasonable results in particular cases"); *see also* 42 U.S.C. § 406(b)("the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled"). Thus, while Congress has provided a 25-percent-cap-on-fees guideline, simply because a requested fee falls under that cap does not make it presumptively recoverable. *See Gisbrecht*, 535 U.S. at 807. Rather, § 406(b) "requires an affirmative judicial finding that the fee allowed is 'reasonable'." *Id*. The Supreme Court instructs that courts should assess § 406(b) fee requests "by looking first to the contingent-fee agreement," *id.* at 808, and then at "the character of the representation and the results the representative achieved," *id.*; whether there has been an undue delay, which would result in the attorney benefitting therefrom, *see id.*; and, whether, given the

---

[1] On January 23, 2017, Nancy A. Berryhill became the Acting Commissioner of Social Security. Pursuant to Fed. R. Civ. P. 25(d), she is automatically substituted as Defendant in place of her predecessor, former Acting Commissioner Carolyn W. Colvin. The Clerk of Court is directed to amend the caption of this case accordingly.

1

facts of the case, the award would be a windfall to the attorney, *see id. See also, e.g., Wells v. Berryhill*, No. 15-cv-334-A, 2018 WL 6047273 (W.D.N.Y. Nov. 19, 2018).

In ruling on the Fee Application, the Court assumes the parties' familiarity with the factual and procedural background of this case, but briefly states the following: After plaintiff served the Commissioner with her motion for judgment on the pleadings (*see* ECF No. 14), the Commissioner stipulated to a remand of the action back to the Social Security Administration for further administrative proceedings, which the Court "so ordered". (*See* ECF Nos. 16, 17.) Thereafter, an Administrative Law Judge found Plaintiff was disabled as of October 2009 and was entitled to disability benefits based on her initial claim set forth in the May 2011 application. She was subsequently informed that she would receive approximately $69,000 for past-due benefits from which award 25-percent of the award would be withheld for payment of attorney's fees. She was also awarded ongoing disability benefits.

First, Plaintiff entered into a retainer agreement with Counsel agreeing to 25-percent contingency fee payments to Counsel. (*See* ECF No. 23 at 8.) Second, Counsel's $17,270.95 contingency fee request meets § 406(b)'s 25-percent cap fee. Moreover, as to the character of representation and the results achieved, the Court finds the requested fee to be reasonable given the success achieved in securing significant past-due benefits and future benefits after three agency-level denials of benefits and the further uncertainty of success upon remand. Moreover, the Court finds no facts that would support finding either undue delay, which would inure to the benefit of Counsel, or any windfall to Counsel.

It is also noteworthy that in this case there will be an Equal Access to Justice Act ("EAJA") award offset. (*See* Support Memo at 2.) *See also Gisbrecht*, 535 U.S. at 796 ("an EAJA award offsets an award under Section 406(b), so that the [amount of the total past-due benefits the claimant actually receives] will be increased by the EAJA award"). Here, the EAJA award was $6,000 (*see* ECF No. 19); however, "$4,668.58 was applied to satisfy [P]laintiff's federal and New York state tax debt, leaving a balance of $1,331.42." (Response at 2-3; *see also* Support Memo at 2 (same).) Thus, Counsel is to reduce the award of his § 406(b) attorney fees by the remaining balance of the EAJA award, *i.e.*, $1,331.48. (Hence Counsel's net award will be $15,939.47 calculated as follows: $17,270.95 (the gross §406(b) award) *less* $1,331.48 (the balance of EAJA award) equals $15,939.47 (the net §406(b) award).)

Accordingly, finding the Plaintiff authorized the payment of the requested $17,270.95 contingency fee and said fee is reasonable, IT IS HEREBY ORDERED that the Fee Application is GRANTED; Counsel is awarded the requested $17,270.95 contingency fee pursuant to 42 U.S.C. § 406(b) less the EAJA award offset as stated herein.

SO ORDERED this 11th day of April 2019 at Central Islip, New York.

_/s/_ *Sandra J. Feuerstein*
Sandra J. Feuerstein
United States District Judge